Dear Chief Hayes:
This office is in receipt of your request for an opinion of the Attorney General in regard to operation of the police department with an elected chief of police. You ask the following questions:
 1. Who has control of the police department if the Chief of Police is an elected official;
 2. Does the mayor and the council have the right to pull equipment away from the police department claiming that there are no funds available to operate this equipment, although this equipment is at no cost to the town;
 3. Does the mayor and the council have the right to harass and humiliate the Chief of Police to the extent he has the notion to resign from office; and
 4. How legally binding is an Attorney General Opinion in a court of law.
The duties of chief of police are set forth in R.S. 33:423 which provides as follows:
 The marshal shall be the chief of police and shall be ex officio a constable. He shall have general responsibility for law enforcement of all ordinances within the municipality and all applicable state laws. He shall perform all other duties required of him by ordinance. In those municipalities governed by the provisions of R.S. 33:321 through R.S. 33:481, which have a chief of police elected by the qualified voters thereof, he shall make recommendation to the mayor and board of aldermen for appointment of police personnel. Such nominations or recommendations are to be made regardless of race, color, or creed.
In answering your first question we note that R.S. 33:404 gives the mayor supervision of all municipal departments, offices and agencies "other than a police department with an elected chief of police." The inherent authority of the chief of police to control and administer the day to day operations of the police department, includes the authority to control and administer police department property and personnel, which includes police department funds. Atty. Gen. Op. No. 93-550.
However, that opinion further observed this inherent authority is limited in its application to the expenditure of police department funds as provided in R.S. 33:462 as follows:
 All expenditures of money for any purpose whatever shall be in pursuance of a specific appropriation made by order and in no other manner and shall be made in accordance with the provisions of R.S. 38:2211 et seq. Every warrant drawn on the treasury shall express on its face to whom issued and for what purpose allowed; and the ordinance authorizing its issue shall be cited by minute book and page, in or upon it.
Therefore, in answering your second question while the elected chief of police has the inherent authority to control and administer police department property and police department funds, this inherent authority to control those funds is subject to the requirement that the expenditure of those funds only be made pursuant to or in accordance with specific appropriations authorized by a municipal ordinance enacted by the board of aldermen.
Without understanding whether the sheriff donated a 1990 Taurus directly to the police department or to the municipality and without questioning the legality of that donation, we would conclude that any expenditures requiring municipal funds would have to follow the procedure discussed above, but if the property belongs to the police department without the expenditure of any municipal funds the chief of police has authority to control the property.
With regard to your third question we would simply state that no one should harass and humiliate another individual.
To your final question, we would advise that while an Attorney General Opinion may be persuasive, it is not binding on a court.
We hope this sufficiently answers your questions, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General
BBR